UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 06-10059 |
| IMG HEALTHCARE, LLC | SECTION "B" |
| DEBTOR | CHAPTER 11 |

_____

IMG HEALTHCARE, LLC

    PLAINTIFF

VERSUS                                                                                          ADV.P.NO. 06-1110

HRT OF LOUISIANA, INC.

    DEFENDANT

### MEMORANDUM OPINION

This matter came on for hearing June 28, 2006 as a motion to dismiss the complaint of plaintiff/debtor IMG Healthcare, LLC ("IMG") filed by the defendant HRT of Louisiana, Inc. ("HRT"). For the reasons stated below, the motion is granted insofar as it relates to the debtor's request seeking a declaratory judgment that the MCENO lease was terminated by the debtor on March 21, 2006. The motion is moot as to the request to reject the MCENO lease. The motion is denied as to the remainder of the complaint.

**I.     Background Facts**

IMG filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 30, 2006. IMG was a healthcare business that suffered damage to its offices and lost patients and employees as a result of Hurricane Katrina, which severely affected the

city of New Orleans and the surrounding areas. On January 31, 2006, the debtor filed a motion seeking the court's approval to reject certain leases of its office space under 11 U.S.C. § 365(a).[1] The debtor sought to have the order approving rejection of the leases apply retroactively to January 30, 2006.[2] The debtor represented in the motion that it had taken "all the affirmative steps necessary to surrender possession of the premises which are subject to the Leases effective as of the close of business on January 30, 2006, including, without limitation, by (sic) returning the keys to the subject premises to the respective landlords and informing such landlords of the Debtor's intention to surrender possession of the premises and to reject the Leases."[3] Appended to the motion as Exhibit "A" was a list of the leases the debtor sought to reject through its motion. Included on this list was a lease for "multiple suites" located at the MCENO Building, 5640 Read Boulevard, New Orleans, La 70127 ("MCENO lease"). The landlord of this property was listed as HRT.

An unexecuted service list was also appended to the motion, but the debtor subsequently corrected this by filing an amended certificate of service on February 6, 2006 in which the debtor certified it had served HRT.[4] Although the court's Local Rules

---

[1] See Motion of the Debtor for Approval of Rejection of Unexpired Leases of Nonresidential Real Property (P-10) in Case No. 06-10059.

[2] *Id* at paragraph 14.

[3] *Id* at paragraph 9.

[4] See Amended Certificate of Service of First Day Pleadings (P-29) in Case No. 06-10059.

require the party filing a motion to set that motion for hearing at the time of filing, the debtor did not do so when it filed its motion to reject the leases.[5] After several requests by the court to set the motion for hearing via telephone conversations with the debtor's attorney's office, the clerk of court issued a deficiency notice to the debtor on March 23, 2006 to address this problem,[6] and thereafter, the debtor filed a notice on March 27, 2006 setting the motion for hearing on April 26, 2006.[7]

On April 20, 2006, the debtor filed an *ex-parte* motion with the court seeking to remove the MCENO lease, for which HRT was the landlord, from the list of leases that the debtor sought to reject.[8] The debtor further requested through the *ex-parte* motion that it be allowed to seek termination of the MCENO lease through an adversary proceeding. The debtor did not serve this motion on HRT, nor did the debtor obtain HRT's consent to this motion as required by Local Rule 9013-1(D).[9] The debtor also

---

[5] Local Rule 9013-1(B).

[6] Notice of Deficiency (P-95) in Case no. 06-10059.

[7] Notice of Hearing (P102) in Case no. 06-10059; see also First Amended Notice of Hearing (P-104) in Case no. 06-10059.

[8] Ex Parte Motion of the Debtor for an Order Severing the Rejection of the MCENO Building Lease from the Motion to Reject Unexpired Leases So As to Assert as an Alternative Remedy in Adversary Proceeding Seeking Termination of Lease (P-123) in Case no. 06-10059.

[9] Local Rule 9013-1(D) reads in part:

A motion allowed by applicable law to be submitted ex parte or by consent, need not be noticed for hearing as described above, but must instead be accompanied by a proposed order. Except as otherwise ordered, every such motion or application must be submitted to the court through the clerk and must state that counsel for all parties with standing to oppose have consented to the motion.

failed to submit an order on this motion to the court, an action also required by Local Rule 9013-1(D).[10] Further, the debtor did not notify the court that it had filed the motion, so the court was unaware it had been filed. As a result, the debtor's *ex-parte* motion was never ruled on by the court.

Also on April 20, 2006, the debtor filed a complaint instituting the instant adversary proceeding, even though its *ex-parte* motion requesting the court's permission to do so was never granted. The complaint requested that the debtor be allowed to seek a declaratory judgment under 28 U.S.C. § 2201 as well as, "other appropriate and equitable relief," against HRT for failure to perform its obligations under the lease. The complaint then stated that the landlord had violated certain provisions of the lease, namely that the landlord had not completed repairs to the leased premises within a period contemplated by the lease.[11] The complaint also alleged a cause of action for breach of quiet possession because the leased premises had been looted twice in the month of March 2006[12] and a claim for failure of cause alleging that because the debtor was no longer operating, there was no need for the lease to continue.[13] Finally, the complaint requested as alternative relief that the court allow the debtor to reject the lease pursuant to 11 U.S.C. § 365, which was the same relief the debtor had previously sought in the main bankruptcy case in its

---

[10] *Id.*

[11] See Complaint (P-1) in Adv.P.No. 06-1110 at paragraphs 5-12.

[12] *Id* at paragraph 13.

[13] *Id* at paragraphs 14-20.

motion to reject leases. The debtor's complaint purported to attach a copy of the MCENO lease as Exhibit "A", but no lease was appended to the complaint. Further, the debtor at no time submitted a copy of the alleged lease to the court, so the court has no information as to what the terms of the lease may or may not have been. The debtor's complaint also stated that on March 21, 2006, the debtor had notified HRT that it was terminating the lease pursuant to certain provisions of the lease.[14] Again the debtor purported to attach an exhibit- the notification described as Exhibit "B"- but no exhibits were attached to the debtor's complaint. The debtor arranged for a summons to be issued, and HRT was served on May 2, 2006.[15]

The debtor's motion to reject the leases was noticed for hearing on April 26, 2006. No objection had been filed to the motion to reject the leases, and the debtor's actions in filing the *ex-parte* motion and complaint on April 20, 2006 were not brought to the attention of the court so the court ruled on the debtor's motion to reject the leases and entered an appropriate order.[16] No appeal was taken from this order, and the order constituted a final order for purposes of appeal because it was a final determination of the right of IMG to reject the lease with HRT.[17]

---

[14] *Id* at paragraph 10.

[15] See Memorandum in Support of Motion to Dismiss (P-4) at p. 2.

[16] (P-124) in Case no. 06-10059.

[17] *In re Texas Extrusion Corp.,* 844 F.2d 1142 (5th Cir. 1988) (appealed bankruptcy order must constitute either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discreet dispute within the larger bankruptcy case for the order to

On May 24, 2006, HRT timely filed a motion to dismiss the adversary proceeding commenced by the complaint IMG filed on April 20, 2006 arguing that because the court approved rejection of the MCENO Building lease effective as of January 30, 2006 in the court's April 26, 2006 order, the doctrine of *res judicata* precludes IMG from now trying to obtain a declaratory judgment that it terminated the lease on March 21, 2006. On June 9, 2006, HRT filed a proof of claim in the main case asserting a claim for damages stemming from the debtor's rejection of the MCENO lease.

## II. Legal Analysis

HRT brings this motion pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure Rule 7012. Rule 12(b)(6) allows a party to assert by motion a defense of failure to state a claim upon which relief can be granted in lieu of filing an answer. In the hearing on this motion, no matters outside the pleadings were presented to or accepted by the court. Consideration of matters outside the pleadings would have required the court to treat the motion as one filed under FRCP 56.[18]

A motion to dismiss for failure to state a claim "is viewed with disfavor and is

---

be considered final).

[18] The court did take judicial notice of pleadings filed by the debtor in the main bankruptcy case, 06-10059, as permitted by Fed.R.Evid. 201(f). *See Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015 (5th Cir. 1996)(although inquiry in a motion to dismiss for failure to state a claim is limited to facts stated in the complaint and documents attached to or incorporated in the complaint, court may also consider matters of which it may take judicial notice).

rarely granted."[19] The United States Fifth Circuit Court of Appeals has developed two primary principles to guide the lower courts in the review of such motions. First, the court must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff. Second, the complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[20] The Fifth Circuit also notes that if the complaint shows the requested relief is barred by an affirmative defense, it may be dismissed under Rule 12(b)(6).[21] Thus, the court must decide whether IMG alleges any facts in its complaint that would entitle it to relief.

The court notes that because of the procedural complications engendered by the debtor's haphazard method of filing pleadings that do not comport with the court's local rules, the appropriate inquiries in this case are not particularly straightforward. The debtor appears to assert that when it sent the letter to the plaintiff on March 21, 2006 purporting to terminate the MCENO lease, the lease was effectively terminated and that the court's order dated April 26, 2006 approving the debtor's motion to reject the MCENO lease retroactively was without effect. Myriad questions abound as a result of this proposition, but the paramount concern of the court is the authority by which the

---

[19] *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982).

[20] *Id.*

[21] *Id.*

debtor purports to terminate the lease.

Much of the space in the debtor's memorandum opposing the motion to dismiss is spent defending the proposition that the debtor's "business judgment" should be respected by the court when the court is determining whether or not a debtor is permitted to assume or reject an executory contract or an unexpired lease.[22] No one here has contended that the debtor should not be permitted to use its best judgment in determining whether to accept or reject any lease or contract, thus, this issue is not in dispute. The debtor's insistence that its business judgment be respected vis-a-vis its decision to assume or reject the MCENO lease does not change the fundamental fact that whether the debtor decides to assume or to reject the lease, that decision must be approved by this court.[23] At no time did the debtor seek the court's approval to terminate the lease pursuant to the lease provisions. If HRT was obligated under the MCENO lease to provide repairs to the lease premises within a certain time and did not, then the debtor should have sought the court's permission to terminate the lease.

The debtor correctly cites several cases holding that the motion to assume or reject is a summary type of proceeding in which the court should not adjudicate issues related to

---

[22] (P-7) in Adv.P.No. 06-1110.

[23] 11 U.S.C. § 365(a) states, "Except as provided . . . the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See also In re O'Neil Theatres, Inc.,* 257 B.R. 806, 807 (Bankr.E.D.La. 2000)(court approval for the rejection of a nonresidential lease is necessary in order for the rejection to become effective).

the validity vel non of the lease or contract.[24] It is unclear how this proposition is relevant to the problem at hand; the court's order permitting the debtor to reject the enumerated leases did not purport to adjudicate any issues relating to any of the leases' validity, terms, breach, damages or the like. The order simply declared the leases rejected, retroactively effective to January 30, 2006, based on the debtor's representations that it had already taken the steps necessary to vacate the leased premises and restore possession to the respective lessors.[25] The court emphasizes that the debtor's motion was to reject, not assume, the lease. Thus, the court in deciding the motion to reject on April 26, 2006, did not need to become involved in the sticky legal issue of whether a court has to make at least a preliminary inquiry into the validity of the lease before approving an assumption.[26] Either party to any of the leases rejected in the April 26, 2006 order is therefore free to seek further adjudication of any substantive issues related to the lease, whether instituted by filing a proof of claim or an objection to a proof of claim or by commencing an adversary proceeding.

---

[24] *In re G.I. Industries, Inc.,* 204 F.3d 1276 (9th Cir. 2000); *In re Orion Pictures Corp.,* 4 F.3d 1095 (2nd Cir. 1993); *In re Sentry Operating Co. Of Texas, Inc.,* 273 B.R. 515 (Bankr.S.D.Tex. 2002); *In re Sixth Ave. Corp.,* 191 B.R. 295 (Bankr.S.D.N.Y. 1996).

[25] *See In re O'Neil Theatres, Inc.,* 257 B.R. 806, 807 (Bankr.E.D.La. 2000)(court may permit retroactive rejection of a lease when debtor took affirmative steps necessary to reject lease such as vacating leased premises and turning over keys to landlord).

[26] *See In re 611 Sixth Avenue Corp.,* 191 B.R. 295 (Bankr. S.D.N.Y. 1996) for a discussion of the two lines of authority on whether a bankruptcy court should or is even permitted to make an inquiry into the validity of a contract in the context of an assumption motion, which is a summary matter.

The defendant, HRT, raises the issue of *res judicata*, arguing that the court's April 26, 2006 order approving the rejection of the leases precludes adjudicating any further issues related to the MCENO lease. For the court to apply the doctrine of *res judicata*, four requirements must be met: 1) the parties must be identical in both suits; 2) the prior judgment must have been rendered by a court of competent jurisdiction; 3) there must have been a final judgment on the merits; and 4) the same cause of action must be involved in both cases.[27] The court notes that the only issue adjudicated by this court to date is that the MCENO lease, along with others, was rejected by the debtor effective January 30, 2006. Again, no substantive issues relating to the lease were adjudicated, and the doctrine of *res judicata* does not apply to those issues.

## III. Conclusion

The court grants HRT's motion to dismiss the complaint insofar as it related to the debtor's request seeking a declaratory judgment that the MCENO lease was terminated by the debtor on March 21, 2006. Because the court finds that the lease was rejected effective January 30, 2006 as originally requested by the debtor, the lease could not have been terminated on March 21, 2006, and thus, the court finds that the debtor can prove no set of facts in support of that portion of his claim that would entitle him to relief.

The remainder of the debtor's complaint asks for relief that is related to the lease and its substantive terms. Thus, the court finds that with respect to the following prayers

---

[27] *Republic Supply Co. v. Shoaf,* 815 F2d 1046 (5th Cir. 1987).

for relief contained in the debtor's complaint, the motion to dismiss is denied:

1) The claim that HRT failed to timely repair the damages to the leased premises after Hurricane Katrina;

2) The claim that cause for the lease no longer existed after Hurricane Katrina;

3) The claim that no rents are due to HRT from the debtor; and

4) The claim that IMG provided HRT with timely notice of its election to terminate the lease under the provisions of paragraph 17 of the lease agreement.

New Orleans, Louisiana, September 28, 2006.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge